CHECKER CAB MANUFACTURING CORPORATION, Appellant, *v.* JACK BURNEY, Defendant, Impleaded with "JOHN DOE," the Name "John Doe" Being Fictitious, It Being Intended to Be the Owner and Occupant of the Garage at 429 West Forty-second Street, Borough of Manhattan, City of New York, the Party Now in Possession of Said Chattel, Respondent.

First Department, March 4, 1927.

Corporations — foreign corporations — action on contract — motion to dismiss complaint on ground that plaintiff, foreign stock corporation, did not have certificate of authority — neither facts nor concessions show that plaintiff is foreign stock corporation doing business here at time contract was made and that contract was made in this State — error to dismiss complaint.

In an action by a corporation on a contract, it is error to dismiss the complaint on the ground that the plaintiff is a foreign stock corporation and was doing business in this State without a certificate of authority at the time the contract was made in this State, where neither the complaint nor any concession on the part of the plaintiff shows that the plaintiff is a foreign stock corporation and was doing business in this State at the time the alleged contract was made, and that the contract was made here.

APPEAL by the plaintiff, Checker Cab Manufacturing Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of April, 1926, granting the motion of defendant West Forty-second Street Garage, Inc., sued herein as "John Doe," for judgment on the pleadings, dismissing plaintiff's complaint, and also from a judgment entered in said clerk's office on the 19th day of April, 1926, pursuant to said order.

*Abraham M. Grill,* for the appellant.

*Sim C. Binder* of counsel [*Kramer & Binder,* attorneys], for the respondent.

PER CURIAM. The papers submitted on this appeal are insufficient to raise the questions argued. It was not conceded upon the argument of this appeal, although it is stated such a concession was made upon the argument before the Special Term, that the plaintiff is a foreign stock corporation doing business within the State of New York and has failed to secure the necessary certificate permitting it to do such business. It was not conceded, as asserted, that the contract was made within the State of New York.

In the absence of facts showing that the plaintiff is a foreign stock corporation doing business within the State of New York

and that the contract was made within the State of New York, or a concession to that effect, we are not in a position to pass upon the question submitted.

The judgment and order should, therefore, be reversed, with costs, and the motion to dismiss the complaint denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days from service of the order to be entered hereon with notice of entry thereof, upon payment of said costs.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days from service of order upon payment of said costs.